NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ARTURO MORALES, *Appellant.*

No. 1 CA-CR 18-0273
FILED 2-19-2019

Appeal from the Superior Court in Maricopa County
No. CR2014-157835-001
The Honorable Marvin L. Davis, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Bain & Lauritano, P.L.C., Glendale
By Amy E. Bain
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

**¶1**		Arturo Medina Morales ("Appellant") appeals his convictions and probation for two counts of aggravated assault. Appellant's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating she has searched the record on appeal and found no arguable issues that are not frivolous.  Appellant's counsel therefore requests that we review the record for error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court allowed Appellant to file a supplemental brief *in propria persona*, but he has not done so.

**¶2**		We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶3**		We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant.  *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

**¶4**		The State initially charged Appellant by direct complaint, and later, a grand jury issued a supervening indictment, charging Appellant with two counts of aggravated assault, each a class four felony, in violation of A.R.S. §§ 13-1203 and -1204(A)(3) (fracture of a body part and temporary but substantial disfigurement).  Each count alleged Appellant had intentionally, knowingly, or recklessly caused physical injury to the victim by any means of force.  Count I further alleged Appellant had caused a fracture of any body part of the victim; Count II alleged Appellant had caused a temporary but substantial disfigurement to the victim.

**¶5**		At trial, the victim testified that, on May 23, 2014, he was at a Phoenix high school watching his son play soccer.  When the match ended,

the victim walked to a nearby soccer field, sat on his cooler, and began watching a friend's soccer match. Appellant and the victim had known one another casually for years from attending soccer matches, and as Appellant and his two children approached, the victim extended his hand as a greeting. Instead of shaking hands with the victim, however, Appellant attacked the victim, throwing a punch and causing the victim to immediately lose consciousness. When the victim awoke, he was "full of blood" and felt as though his "face was falling off." A bystander gave the victim a shirt to wipe his blood and carried him to the parking lot, where the victim's wife was waiting to drive the victim to the hospital. After being taken to the hospital, the victim underwent multiple surgeries.

¶6        A witness at the high school that night testified she saw Appellant approach the victim, who was sitting on an ice chest, grab the victim's head, and start "banging it to his knee a few times." The victim, who did not say anything or otherwise respond, was "bleeding like crazy" from his nose and mouth and did not even raise his hands to protect himself. The witness heard Appellant's son pleading for his father to stop and observed other persons try to grab Appellant to prevent him from leaving, as Appellant, his son, and a female ran toward the parking lot. As Appellant drove away, the witness photographed the license plate of the car he was driving. The witness called the police and advised them of the license plate number.

¶7        Officer Moran of the Phoenix Police Department and her partner responded to the incident at the high school, then went to the hospital, where they spoke with the victim, and Officer Moran photographed his injuries. The front of the victim's shirt and pants was covered in blood, his whole face was swollen, and blood was draining from his nose to the back of his throat. A record check of the photographed license plate number provided to the police revealed the vehicle was registered to Appellant. The victim identified Appellant as the man who attacked him and caused his injuries.

¶8        A physician at the hospital where the victim arrived for treatment testified the victim had extensive facial injuries, with massive swelling and bleeding, and most of his facial bones broken. The bones on both sides of his face were fractured, with the left side (fractured maxillary and orbital bones, and zygomatic arch fractures) worse than the right (fractured maxillary bone). The muscle on the inferior part of the left eye was protruding, and the eye had a downward fracture as well. The victim's nose was also fractured, requiring the insertion of splints to keep the airway open.

**¶9** The victim testified that, since the incident, he has had trouble recalling events, he asks to have things repeated to him, his face and lips become numb, and he will "lose [his] speech." Also, his eye has a permanent disfigurement, despite repeated surgeries.

**¶10** Appellant testified in his defense. According to Appellant, on May 23, 2014, he was at the high school watching his children while his wife played soccer. Although he knew the victim from the soccer fields, they had never exchanged words. When the victim attempted to start a fight with him, he ignored the victim, but the victim hit him in the face. He swung back at the victim and missed, but the victim nonetheless fell backward over an ice chest. At that point, numerous people approached, began hitting him, threw rocks at him, and pulled his children's hair and bruised them. Nonetheless, someone helped him leave the soccer fields and go home with his wife and children. Although injured, he did not call the police because he had just received a work permit and "couldn't be having any kind of problems."

**¶11** The jury found Appellant guilty as charged. The trial court suspended sentencing and placed Appellant on concurrent terms of three years' supervised probation, including a deferred six-month flat-time jail sentence. In addition to ordering other terms of probation, the court ordered that Appellant pay restitution in the amount of $1,500. Appellant filed a timely notice of appeal.

## ANALYSIS

**¶12** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at trial was substantial and supports the verdicts. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶13** After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶14      Appellant's aggravated assault convictions and probation are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA